UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:20-MJ-1212   (JMB) |
| | ) |
| DEMARCO BAKER, | ) |
| | ) |
| Defendant. | ) |

**MOTION FOR PRETRIAL DETENTION AND HEARING**

Comes now the United States of America, by and through its attorneys, Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and Jeannette S. Graviss, Assistant United States Attorney for said District, and moves this Court to order the defendant detained pending further judicial proceedings, and further requests that a detention hearing be held three days from the date of the defendant's initial appearance before the United States Magistrate Judge pursuant to Title 18, United States Code, Section 3141, et. seq.

As for its grounds for detention, the government requests this Court to consider the following factors pursuant to Title 18, United States Code, Section 3142.

**Presumption of Detention**

1. The defendant is charged in Count I with an offense for which the maximum term of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), possession with the intent to distribute a controlled substance in violation of Title 21, United States Code, Section 841(a)(1). As a result, there is a rebuttable presumption that the defendant is a flight risk and a danger to the community. *See* 18 U.S.C. § 3142(e)(3)(A) and (f)(1)(C).

1

2. The defendant has been convicted of two Federal offenses described in subsection (f)(1) of 18 U.S.C. § 3142; attempted possession with the intent to distribute cocaine, in violation of Title 21, United States Code, Section 841(a)(1) in Cause Number 4:98CR483 CAS; and conspiracy to distribute and possess with the intent to distribute cocaine in Cause Number 4:09CR444 CDP. As a result, there is a rebuttable presumption that the defendant is a danger to the community. *See* 18 U.S.C. § 3142(e)(2)(A).

3. The defendant is charged in Count II with an offense under Title 18, United States Code, Section 924(c). As a result, there is a rebuttable presumption that the defendant is a flight risk and a danger to the community. *See* 18 U.S.C. 3142(e)(3)(B).

4. Counts I and II of the Complaint trigger a rebuttable presumption of detention pursuant to Title 18, United States Code, Sections 3142(e)(2)(A), (e)(2)(C), (3)(A), and (3)(B). There are no conditions or combination of conditions which will reasonably assure the appearance of the defendant as required, and the safety of any other person and the community.

## The Nature and Circumstances of the Offense

5. Title 18, United States Code, Section 3142(g)(1) requires this Court to consider the nature and characteristics of the offense charged, including whether the offense involves a controlled substance or a firearm. Because the three offenses with which the defendant is charged involve both a controlled substance and a firearm, the first of the § 3142(g) factors weighs in favor of detention.

## The Weight of the Evidence Against the Defendant

6. Section 3142(g)(2) requires this Court to consider the weight of the evidence against the defendant. The government submits that the evidence against the defendant is strong.

7. The sworn statement of Drug Enforcement Administration Task Force Officer are contained within the Complaint Affidavit and the government requests this court to consider those facts to determine that the weight of the evidence against the defendant is strong. Notably, the defendant has admitted that he was selling crack, that he was in possession of a firearm, and that he knew that he was prohibited from possession the firearm. The defendant said that he had been selling narcotics for two or three years.

## The History and Characteristics of the Defendant

8. Section 3142(g)(3)(A) requires this Court to consider the history and characteristics of the person, including the person's character, physical and mental condition, employment, financial resources, length or residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning appearance at court proceedings.

9. While the defendant has lived in the community for almost his entire life and has significant community ties, the other factors this Court is consider pursuant to Section 3142(g)(3)(A) weigh against his release in this case.

10. The defendant has a significant past history of drug abuse.

11. The defendant has two previous federal convictions for narcotics. On March 19, 1999, the defendant was convicted of attempted possession with the intent to distribute cocaine in cause number 4:98 CR 483 CAS and was sentenced to a 60 month term of imprisonment. Upon his release from imprisonment, the defendant was placed on supervised release. The defendant failed to comply with the condition of his release and his supervised release was revoked on September 26, 2006.

3

12. On March 8, 2010, the defendant was convicted of conspiracy to distribute and possess with the intent to distribute cocaine in cause number 4:09CR444 CDP and was sentenced to a 37 month term of imprisonment. Upon his release from imprisonment, the defendant was placed on supervised release. The defendant failed to comply with the conditions of his release and his supervised release was revoked on March 7, 2014. The defendant was sentenced to an additional 18 month term of imprisonment

13. Additionally, the defendant has numerous misdemeanor traffic convictions for which he failed to appear in court and warrants were placed for his arrest due to his non-appearance.

14. The defendant's prior criminal history, past conduct, history related to drugs, his failure to comply with conditions of court supervision, and his history of failure to appear at court proceedings weigh heavily in favor of detention.

### The Nature and Seriousness of the Danger to the Community

15. The defendant was found in possession of a large quantity of crack cocaine and has been consistently involved in the distribution of dangerous narcotics for more than twenty years.

16. The defendant was also in possession of a loaded stolen firearm.

17. The safety of the community would be at risk were the defendant to be released on bond. *See* 18 U.S.C. § 3142(g)(4).

### Risk of Flight

18. There is a serious risk that the defendant will flee.

19. The defendant has a history of failing to comply with conditions of supervision.

20. The defendant was in possession of a large quantity of cash, therefore, has the resources to flee.

4

21. The defendant has a history of failing to appear in court.

### Conclusion

22. The government submits that when considering all of the factors outlined in Title 18, United States Code, § 3142(g), the factors weigh heavily in favor of detention. There is a presumption of detention and there is clear and convincing evidence that no condition or combination of conditions that will reasonably assure the safety of any other person and the community. Furthermore, there is a preponderance of evidence that the defendant is a flight risk.

Respectfully submitted,
JEFFREY B. JENSEN
United States Attorney

*/s/ Jeannette S. Graviss*
JEANNETTE S. GRAVISS #44483MO
Assistant United States Attorney